IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION
COURT FILE NO.:

TISHA NICOLE JORDAN -SMITH,

    Plaintiff,

  -vs-

Experian Information Solutions; Inc.,
Trans Union LLC,
Equifax Information Services LLC.,
CSC Credit Services, Asset
Acceptance LLC, Auto
Underwriters of America,
Centerpoint Energy Inc, Certified
Recovery System Inc, Credit Vision
Inc, EOS CCA aka Collecto Inc,
HSBC Bank, Midland Credit Mgmt
Inc, Midnight Velvet aka Swiss
Colony Inc, Plains Commerce
Bank, Procollect Inc, Retail
Merchants Association of Port
Arthur Texas, RJM Acquisitions
LLC,RS Clark & Associates Inc,
Second Round LP, Seventh
Avenue, Zenith Acquisition
Corporation, First Premier Bank,
ER Solutions Inc., Jefferson Capital
System LLC, CMRE Financial
Services Inc, Collection Company
of America aka Collecto Inc,
National Credit Solutions LLC,
NCO Financial System Inc Cit
Bank/DFS, Leland Scott &
Associates Inc, NCAC, Sky
Recovery Services Ltd., Specialized
Collection Systems Syndicated
Office Systems aka Central
Financial Control, Portfolio
Recovery Association, Lexis Nexis
Risk Soultions F1 INC, Reed
Elsevier Inc,

                            **COMPLAINT**
                       **WITH JURY TRIAL DEMAND**

    Defendant.

**PRELIMNARY STATEMENT**

1. The Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA"), grew out of justified concerns in Congress over abuses in the credit reporting industry.

2. The Defendant consumer credit reporting agencies are major players in the consumer reporting industry.

3. In theory, the faster accurate, sensitive personal information about a person's credit worthiness flows into credit furnishers' computers, the faster credit flows to the consumer, and the faster the economy grows.

4. To this end "an elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § 1681(a)(2).

5. The preamble to the FCRA finds that "consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," and emphasizes the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(3).

6. Each bit of information can come from any of these sources: public records, creditors, landlords, lenders, credit sellers, insurance companies, employers and debt collectors, and even the consumer him/herself.

7. Errors and misinformation in credit reports lead to mistakes in credit scores, and mistakes in credit scores mean consumers either pay too much for credit or are denied credit or are otherwise harmed.

8. Aware that, "a poor credit history is the 'Scarlet Letter' of Zero" Century America" [136 CONG REC. HS325-02 daily ed. July 23, 1990) (statement of Rep. Annunizo), 1990 WL 103877)], Congress placed upon the credit reporting agencies the burden of following reasonable procedures to assure the maximum possible accuracy of a information concerning the individual about whom the report relates. Congress passed the FCRA with the specific intent to give the consumer power over the "impersonal and unconcerned attitude displayed by business machines as to the impact of their actions upon an individual consumer. .. " Vinson v Ford Motor Credit Co., 259 So.2d 768, 771 (Fla. App. 1972).

9. Plaintiff brings this action for damages against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Plaintiff seeks injunctive relief, actual damages, punitive damages, costs, and attorney fees.

10. Plaintiff has spent time, effort and money over the years building her credit reputation as a credit worthy individual. Her credit reputation is an invaluable personal asset the Defendant credit reporting agencies collectively (hereinafter "CRAs") know this to be true.

## JURISDICTION

11. Jurisdiction of this Court arises under 15 U.S.C. § 1681 *et seq.*

## PARTIES

12. Plaintiff TISHA NICOLE JORDAN-SMITH is a natural person whose resides in Houston, Texas. Plaintiff is a "consumer" as defined by 15 *U.S.C.* § 1681a(c).

13. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a foreign Corporation incorporated under the laws of Ohio and is authorized to do business in the State of Texas. It has its principal place of business at 701 Experian Parkway, Allen, TX 75013. Defendant Experian is a consumer reporting agency as defined by 15 *U.S.C.* § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as

furnishing consumer reports, as defined in § 1681 a( d) of the Act, to third parties.

14. Defendant Trans Union, LLC is a foreign corporation incorporated under the laws of Delaware and authorized to do business in the State of Texas. It principal place of business is 555 W. Adams Street, Chicago, Illinois 60661. It is a consumer credit reporting agency as defined by 15 U.S.C. §1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681 a( d) of the Act, to third parties.

## FACTUAL ALLEGATIONS

15. In February of 2009 Plaintiff made an application to purchase a home and reviewed a Tri-merged credit report of her credit history.

16. Therein she saw that Central Financial Control, a debt collector, reported Central Financial Control #671754681, #938124299 , #649374186 collection trade line remarks discharged through bankruptcy on her credit report.

17. It was then on or about December 2009 that Plaintiff went to the Harris County Sheriff's Police Department and filed a police report (# HC 090179492) on her stolen wallet and informed the police that her birth certificate and social security card were also stolen.

18. Plaintiff on or about March 13, 2009 disputed the alleged debt with Central Financial Control in a letter.

19. On or about March 2009 Central Financial Control informed Plaintiff it had closed this account.

20. Subsequent to these events, Plaintiff, on or about August 25, 2010, registered a theft of identity complaint with the FTC, and she obtained and completed a FTC Identity theft affidavit.

21. Plaintiff listed the following accounts as not belonging to her on the FTC complaint:

- Acceptance LLC - #40827741
- Asset Acceptance LLC - #40848552
- Asset Acceptance LLC - #40853468
- Auto Underwriters of Ame - #17830
- Center Point Enrgy/Entex - #48565949
- Central Finance Control - #871754681
- Central Finance Control - #938124299
- CMRE Financial Services - #T710CMBS207742672
- Collection Company of America - #10834003
- Certified Recovery - #691980
- Credit Vision Inc - #D245756N1
- EOS CCA - #10834003
- EOS CCA - #11049210
- HBC Bank - #5155980005898775
- Midland Credit Mgmt Inc - #8532316289
- Midnight Velvet - #8191976798550
- Plains Commerce Bank - #4057310011579932
- Procollect Inc - #46286001712369
- Procollect Inc - #57040001767038
- Retail Merchants Ass - #N3060401
- RJM Acquisitions LLC/R - #251R1679586
- RJM Acquisitions LLC/RJ - #51R010183310266
- RS Clark & Associates - #40065001136640
- Second Round LP - #4455303
- Seventh Avenue - #8191976798570
- Sky Recovery Services - #219322
- Zenith Acquisition Corpo - #1003222418

22. Plaintiff then sent the affidavit(s) with a copy of the police report to each creditor and debt collector listed in her FTC Complaint.

23. Plaintiff has never filed Chapter 7 Bankruptcy in US BKPT CT OH Dayton in June of 2007 as reported from Experian.

24. Plaintiff believed at that time that this action on her part would cure her credit history of these errors and fraudulent accounts.

25. Plaintiff contacted Credit Plus Inc her creditworthiness on or about February 2, 2009 and it accessed her Caltex Funding tri-merged credit report. Plaintiff was aghast at what it contained.

26. Plaintiff read numerous account trade lines in this tri-merged credit report, none of which belonged to her.

27. Defendant Experian was reporting the following fraudulently opened accounts:
    - Center Point Enrgy/Entex - #48565949
    - Central Finance Control - #649347186
    - Central Finance Control - #871754681
    - Central Finance Control - #938124299
    - Certified Recovery - #691980
    - CMRE Financial Services - #T710CMBS207742672
    - Collection Company of America - #10834003
    - Midland Credit Mgmt - #853231…
    - Plains Commerce Bank - #405731001157….
    - Procollect Inc - #46286001712369
    - Procollect Inc - #57040001767038
    - RJM Acquisitions LLC/R - #251R167….
    - RJM Acquisitions LLC/RJ - #51R01018331….
    - RS Clark & Associates - #40065001136640
    - Second Round LP - #4455303
    - Seventh Avenue - #8191976798570
    - Sky Recovery Services - #219322
    - Zenith Acquisition Corpo - #1003222418
    - First Premier Bank - #543362887601….

28. Defendant Equifax was reporting the following fraudulent accounts:
    - Asset Acceptance Cor - #DIRECT EN-4085XXXX
    - Asset Acceptance Corp. - #DIRECT EN-4082XXXX
    - Centerpoint Energy - #4373049000004856XXXX
    - First Premier - #543362887601XXXX
    - Midland Credit Manag - #853231XXXX
    - Portfolio Recovery Assoc - #DIRECT EN-250XXXX
    - Harvest Associates Inc – #18644629XXXX
    - Certified Recovery Systems – #69XXXX
    - Syndicated Office Systems – #93812XXXX
    - Collection Company of Amer – #1083XXXX (listed as duplicate)
    - Zenith Acquisition Corp - #100322XXXX
    - Specialized Collection Ser - #531107781XXXX

29. Defendant Trans Union was reporting the following fraudulent accounts:
    - Asset Acceptance LLC - #40848552
    - Asset Acceptance LLC - #40853468

- Auto Underwriters of Ame - #17830
- Center Point Enrgy/Entex - #48565949
- Central Finance Control - #871754681
- Central Finance Control - #938124299
- CMRE Financial Services - #T710CMBS207742672
- Collection Company of America - #10834003
- Certified Recovery - #691980
- Credit Vision Inc - #D245756N1
- EOS CCA - #10834003
- EOS CCA - #11049210
- HBC Bank - #5155980005898775
- Midland Credit Mgmt Inc - #8532316289
- Midnight Velvet - #8191976798550
- Plains Commerce Bank - #4057310011579932
- Procollect Inc - #46286001712369
- Procollect Inc - #57040001767038
- Retail Merchants Ass - #N3060401
- RJM Acquisitions LLC/R - #251R1679586
- RJM Acquisitions LLC/RJ - #51R010183310266
- RS Clark & Associates - #40065001136640
- Second Round LP - #4455303
- Seventh Avenue - #8191976798570
- Sky Recovery Services - #219322
- Zenith Acquisition Corpo - #1003222418

30. The "AKA" on tills merged credit report listed a "Tisha Jordan three (3) times, (which is Plaintiff's maiden name) and once listed "Tisha Nicole." At the time the disputed accounts were opened, Plaintiff was known only as Tisha Nicole Jordan-Smith.

31. Each of the credit reporting agencies was reporting OHIO addresses as "references" to Plaintiff:

    Equifax1: 4007 Crumrine Rd Greenville OH 45331-9571
    Experian1: 4007 Crumrine Rd Greenville OH 45331-9571
    Trans Union: 4007 Crumrine Rd Greenville OH 45331-9571

32. Plaintiff has never resided in Ohio.

33. Each of the credit reporting agencies communicated employment inquires for sites where Plaintiff had never applied for work.

## PLAINTIFF'S FIRST DISPUTE: February 2009

34. Plaintiff disputed these errors with the Defendant credit reporting agencies on or about February 2009. She attached a copy of the Credit Plus Inc credit report with the errors

    highlighted to each dispute letter, the FTC

    complaint and the December 2010 Harris County Sheriff's Police report to this February

    2009 dispute letter.

35.  Defendant Experian, Trans Union and Equifax did not respond to Plaintiff's dispute.

    Each failure to respond is a violation of the FCRA, 15 *U.S.C.* § 168li.

36.  Pre-occupied with work, travel and personal commitments Plaintiff did not follow up

    with the Defendant CRAs failure to respond to her February 2009 dispute.

37.  On or about April 18 2009 Plaintiff contacted Alliance Mortgage to review her credit

    worthiness and accessed her Credit Plus Inc Merge Credit Report dated 02/02/2009.

38.  The following derogatory items, none of which were hers, were communicated to her:
- Asset Acceptance LLC - #40848552
- Asset Acceptance LLC - #40853468
- Auto Underwriters of Ame - #17830
- Center Point Enrgy/Entex - #48565949
- Central Finance Control - #871754681
- Central Finance Control - #938124299
- CMRE Financial Services - #T710CMBS207742672
- Collection Company of America - #10834003
- Certified Recovery - #691980
- Credit Vision Inc - #D245756N1
- EOS CCA - #10834003
- EOS CCA - #11049210
- HBC Bank - #5155980005898775
- Midland Credit Mgmt Inc - #8532316289
- Midnight Velvet - #8191976798550
- Plains Commerce Bank - #4057310011579932
- Procollect Inc - #46286001712369
- Procollect Inc - #57040001767038
- Retail Merchants Ass - #N3060401
- RJM Acquisitions LLC/R - #251R1679586
- RJM Acquisitions LLC/RJ - #51R010183310266
- RS Clark & Associates - #40065001136640
- Second Round LP - #4455303
- Seventh Avenue - #8191976798570
- Sky Recovery Services - #219322
- Zenith Acquisition Corpo - #1003222418

39.  Plaintiff read two "paid as agreed" accounts that were also not hers:

      - First Premier - #5433628876018346 (EXN) (EQU) (TUC)

40.  Defendant Experian reported a new Ohio address, an address where Plaintiff had

    never resided:

- 4007 Crumrine Rd Greenville OH 45331-9571

41. Plaintiff disputed the Experian, Trans Union, and Equifax trade line in a faxed handwritten letter dated April 18 2, 2009 to Central Financial Control that included a copy of her social security card, her driver's license, and an affidavit of true identity.

42. Plaintiff then mailed a dispute letter dated April 18 2, 2009 to Plains Commerce Bank stating that she had never applied for loan at Plains Commerce Bank, and she demanded to know who had fraudulently used her identity.

43. Plaintiff next mailed an "Identify Theft Victim's Request for Fraudulent Transaction/Account Information" to Plains Commerce Bank on April 18 18,2009.

44. Plaintiff again mailed a handwritten letter dated February 2, 2009 to Defendant Equifax asking a fraud alert be placed on her credit history stored on its database and requested that Equifax send her her Equifax credit report.

### PLAINTIFF'S SECOND DISPUTE: APRIL 18 2009
### (TO EXPERIAN AND TRANS UNION, CSC CREDIT
### SERVICES ,EQUIFAX)

45. Plaintiff mailed Defendants Experian and Trans Union a dispute letter dated April 18, 2009.

46. In her dispute letter to Defendant Experian Plaintiff disputed the following accounts "are not mine:"
- Asset Acceptance LLC - #40848552
- Asset Acceptance LLC - #40853468
- Auto Underwriters of Ame - #17830
- Center Point Enrgy/Entex - #48565949
- Central Finance Control - #871754681
- Central Finance Control - #938124299
- CMRE Financial Services - #T710CMBS207742672
- Collection Company of America - #10834003
- Certified Recovery - #691980
- Credit Vision Inc - #D245756N1
- EOS CCA - #10834003
- EOS CCA - #11049210
- HBC Bank - #5155980005898775
- Midland Credit Mgmt Inc - #8532316289
- Midnight Velvet - #8191976798550
- Plains Commerce Bank - #4057310011579932

- Procollect Inc - #57040001767038
- Retail Merchants Ass - #N3060401
- RJM Acquisitions LLC/R - #251R1679586
- RJM Acquisitions LLC/RJ - #51R010183310266
- RS Clark & Associates - #40065001136640
- Second Round LP - #4455303
- Seventh Avenue - #8191976798570
- Sky Recovery Services - #219322
- Zenith Acquisition Corpo - #1003222418

47. Plaintiff further disputed that the Ohio addresses Experian was reporting were fraudulent and not hers.

48. Plaintiff even enclosed copies of the FTC affidavit, Harris County Sheriff's Police report and Houston, TX police report she filed and she requested Experian send her a credit report.

49. Plaintiff's April 18, 2009 letter to Trans Union disputed the following:

50. Experian next sent a letter dated May 18, 2009 asking Plaintiff-verify her mailing address and send Articles of personal identification.

51. Defendant Trans Union failed to respond to Plaintiff's April 18, 2009 dispute.

52. The Defendant CRAs violated § 1681j(d) and § 1681c-1(a)(2)(B) and (b)(2)(B) when each failed to provide Plaintiff with a free credit report in connection with her fraud alert and violated §1681i when each failed to investigate her disputes.

53. However, Plaintiff was stunned to see Defendant Experian, TransUnion, and Equifax still reporting the following erroneous and previously disputed tradelines, disputed Ohio residential addresses that never were hers, and disputed AKA information:

- Asset Acceptance LLC - #40848552
- Asset Acceptance LLC - #40853468
- Auto Underwriters of Ame - #17830
- Center Point Enrgy/Entex - #48565949
- Central Finance Control - #871754681
- Central Finance Control - #938124299
- CMRE Financial Services - #T710CMBS207742672
- Collection Company of America - #10834003
- Certified Recovery - #691980
- Credit Vision Inc - #D245756N1
- EOS CCA - #10834003
- EOS CCA - #11049210
- HBC Bank - #5155980005898775

- Midland Credit Mgmt Inc - #8532316289
- Midnight Velvet - #8191976798550
- Plains Commerce Bank - #4057310011579932
- Procollect Inc - #46286001712369
- Procollect Inc - #57040001767038
- Retail Merchants Ass - #N3060401
- RJM Acquisitions LLC/R - #251R1679586
- RJM Acquisitions LLC/RJ - #51R010183310266
- RS Clark & Associates - #40065001136640
- Second Round LP - #4455303
- Seventh Avenue - #8191976798570
- Sky Recovery Services - #219322
- Zenith Acquisition Corpo - #1003222418

54. On February 2, 2009 Plaintiff mailed a dispute letter via US Certified mail to all the Defendant credit reporting agencies.

55. Herein she again identified herself a victim of identity theft; she directed the credit reporting agencies to the police departments where she had filed reports of identity theft and communicated the police report numbers; she enclosed a copy of her driver's license with her permanent Houston, TX address.

56. Plaintiff closed this dispute letter by stating "Please reinvestigate these disputed items and send me a corrected credit report."

57. None of the Defendant credit reporting agencies complied with her request to investigate, a violation of 15 U.S.C 1681i.

58. Equifax referred Plaintiff to a website, a toll-free telephone number so that she might obtain her free credit reports and if she chose to write for the credit report, it referred her to CSC Credit Services Inc.

59. Experian, likewise, referred Plaintiff to a website, a toll-free telephone number and a mailing address so that she might obtain her free credit reports.

60. The Defendant CRAs again by their actions and inactions violated § 1681j(d) and § 1681c-1(a)(2)(B) and (b)(2)(B) when each failed to provide Plaintiff with a free credit report in connection with her fraud alert and § 1681i when it failed to investigate her disputes.

61. Plaintiff subsequently received a Credit Plus Inc tri-merge credit report (file number 15316939) dated February 2, 2009.

62. Just as disconcerting to Plaintiff were the inquiries by debt collectors, Central Control Financial on 02-2009 and CMRE Financial Services 08-2008, to whom Plaintiff owed no obligation(s).

63. Equally disturbing and frustrating was the plethora of residential addresses in Ohio, a state in which Plaintiff had never lived, including 4007 Crumrine Rd Greenville OH 45331-9571, all addresses which Plaintiff has clearly disputed as not hers in her February 2, 2009 dispute letter.

64. Plaintiff clearly understood, if the Defendants did not, that the errors on her credit history meant she was very much still a vulnerable victim of identity theft.

65. Even more so, Plaintiff worried she might be in jeopardy with the Department of Homeland Security, if the person or persons fraudulently using her identity were illegal immigrants.

66. Trans Union by late-April 18, 2009 had failed to respond to Plaintiffs February 2, 2009 dispute.

67. Plaintiff then filed this lawsuit, her third dispute.

68. As a result of Defendants' conduct, actions, and inaction, Plaintiff has suffered out-of-pocket expenses, loss of time at her work and other pursuits, and detriment to her credit rating, resulting in a frustrating inability to obtain credit easily, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT § 1681, *ET SEQ.*
### EXPERIAN, TRANS UNION, EQUIFAX,CSC CREDIT SERVICES

69. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

70. Defendants prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in the Fair Credit Reporting Act.

71. Defendants willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to employ reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report concerning Plaintiff, which it disseminated to third persons.

72. Defendants willfully and/or negligently violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable and independent investigation and to remove inaccurate information from Plaintiff's credit files after receiving actual notice of such inaccurate information in February 2, 2009 and April 18, 2009.

73. Defendants violated § 1681j(d) and § 1681c-1(a)(2) (B) and (b)(2)(B) when they failed to provide Plaintiff with a free credit report in connection with her fraud alert.

74. As a result of Defendant's conduct, action and inaction, Plaintiffs creditworthiness was damaged.

75. As a result of Defendants' conduct, action and inaction, Plaintiff has suffered physical upset, emotional distress, humiliation, mental anguish and damages to her credit worthiness, which is defamation per se.

76. Defendant's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of the Act.

77. Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o of the Act.

## COUNT II

**VIOLATION OF THE FAIR CREDIT REPORTING ACT-IS U.S.C. § I681s-2(b) CENTERPOINT ENERGY,CENTRAL FIANCIAL CONTROL AKA SYNDICATED OFFICE SYSTEMS, CERTIFIED RECOVERY SYSTEMS,CMRE FINANCIAL,COLLECTION COMPANY OF AMERICA,MIDLAND CREDIT MANAGEMENT,PLAINS COMMERCE BANK,PROCOLLECT INC,RJM ACQUSITIONS,RS CLARK AND ASSOCIATES,SECOND ROUND,SKY RECOVERY SERVICES,ZENITH ACQUISITION,FIRST PREMIER BANK,ASSET ACCEPTANCE LLC,PORTFOLIO RECOVERY,HARVEST ASSOCIATES INC,SPECIALIZED COLLECTION,AUTO UNERWRITERS OF AMERICA,CREDIT VISION INC,EOS CCA,HSBC BANK,MIDNIGHT VELVET,RETAIL MERCHANT ASSOCIATION,SEVENTH AVENUE,**

78. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

79. Defendants willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information in February 2, 2009, and April 18 2009.

80. As a result of Defendants' violations of § 1681s-2(b), Plaintiff has suffered out-of-pocket expenses, loss of time at her work, and detriment to her credit rating resulting in a frustrating inability to obtain credit easily if at all, emotional distress, embarrassment,

## DEMAND FOR JURY TRIAL

81. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiffs favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §16810, and 15 U.S.C. §1692k;

(e) A declaratory judgment be entered that Defendant's conduct violated the Texas Deceptive Trade Practices Act:

(f) An order directing that Defendant correct the past inaccuracy by writing a deletion letter to any and all agencies that have or currently reporting the inaccurate information as well as to cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

(g) Seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally

(h) Such others and furthers relief as may be necessary, just and proper.

Dated: August 27, 2010

Respectfully submitted,

*Tisha Nicole Jordan-Smith*

TISHA NICOLE JORDAN -SMITH,

Pro Se

TISHA NICOLE JORDAN –SMITH

16247 GREENSHADE

HOUSTON, TEXAS 77090

EMAIL: tishasmith68@gmail.com

PH 832-606-8085